UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTIONE SCHAFFER | CIVIL ACTION |
| VERSUS | NO. 21-2341 |
| TRAVIS DAY, WARDEN | SECTION: "J"(1) |

## REPORT AND RECOMMENDATION

Petitioner, Antione Schaffer, a Louisiana state prisoner, filed this federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. For the following reasons, it is recommended that the application be **DISMISSED WITH PREJUDICE**.

On October 18, 2018, petitioner pleaded no contest to the following charges and was sentenced to the following terms of imprisonment pursuant to a plea agreement: manslaughter, forty years; two counts of obstruction of justice, forty years on each count; and possession of a firearm by a convicted felon, ten years without benefit of probation, parole, or suspension of sentence. It was ordered that those sentences be served concurrently, except for the sentence on the firearm conviction, which was ordered to be served consecutively.[1]

On October 14, 2020, petitioner filed with the state district court an application for post-conviction relief, which was denied on December 4, 2020.[2] His related writ applications were then

---

[1] State Rec., Vol. 1a of 10, transcript of October 18, 2018. The plea agreement also required petitioner to plead no contest to possession of cocaine, sale/distribution/possession of Buspirone without a prescription, possession of oxycodone, and possession of hydromorphone and to be sentenced on each of those offenses to a concurrent sentence of time served. However, during the plea colloquy, the judge failed to address those offenses; nevertheless, he did in fact sentence petitioner to time served (twenty months) on those charges in accordance with the plea agreement. Id.
[2] State Rec., Vol. 1a of 10, post-conviction application, order, and judgment. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing by a *pro se* prisoner, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). Because that date cannot be gleaned from the state court record with respect to this post-conviction application, the Court has simply used the signature date of the application as the filing date, in that the application obviously placed in the mail no earlier than the date on which it was signed. See United States v. Minor, 582 F. App'x 315, 316 (5th Cir. 2014); Estes v. Boutté, Civ. Action No. 19-2289, 2020 WL 1990823, at *2 (E.D. La. Mar. 6, 2020), adopted, 2020 WL 1984331 (E.D. La. Apr. 27, 2020); Crochet v. Goodwin, Civ. Action No. 13-3106, 2014 WL 5093995, at *2 n.10 (E.D. La. Oct. 8, 2014); Thornton v. Terrell, Civ. Action No. 09-1631, 2009 WL 4855743, at *1 n.1 (E.D. La. Dec. 4, 2009).

likewise denied by the Louisiana First Circuit Court of Appeal on March 15, 2021,[3] and the Louisiana Supreme Court on October 5, 2021.[4]

On December 7, 2021, petitioner filed the instant federal application.[5] The state filed a response arguing that the application was untimely,[6] and petitioner filed a reply.[7]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a statute of limitations for petitioners seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[3] State v. Schaffer, No. 2021 KW 0017, 2021 WL 961093 (La. App. 1st Cir. Mar. 15, 2021); State Rec., Vol. 1a of 10.
[4] State v. Schaffer, 325 So. 3d 359 (La. 2021); State Rec., Vol. 1a of 10.
[5] Rec. Doc. 1. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has stated under penalty of perjury that he placed his application in the prison mailing system on December 7, 2021.
[6] Rec. Doc. 8.
[7] Rec. Doc. 9.

Petitioner argues that Subsection B applies in this case, opining:

> Petitioner submits that his one-year prescription for habeas review began to run on September 10, 2020, which was the date he received the Boykin transcript from which his claims for relief is predicated. The period between the date of conviction (10/18/2018) up to the day before Petitioner's receipt of the Boykin transcript (9/9/20) **should not** factor against Petitioner, as he was waiting for the court reporter to forward the Boykin transcript to him for review of potential issues. See, 28 U.S.C. § 2244(d)(1)(B).[8]

That argument has no merit for the following reasons.

As noted, Subsection B delays the commencement of the federal limitations period when a state-created "impediment" "prevented" a petitioner from seeking relief. Here, the fact that petitioner did not have a copy of the transcript in hand in no way prevented him from seeking either state or federal relief in a timely manner.

Because petitioner was present in court when he entered his pleas, was convicted, and was sentenced, he was aware of what occurred during those proceedings. Further, under Louisiana law, he was not required to attach a copy of the transcript to his state post-conviction application. See Brown v. Cain, 112 F. Supp. 2d 585, 587 n.2 (E.D. La. 2000) ("Because an inmate does not have an automatic right to free transcripts, the Louisiana State Courts accept post-conviction relief applications without transcripts attached."), aff'd, 239 F.3d 365 (5th Cir. 2000); State ex rel. Bernard v. Criminal District Court Section "J," 653 So. 2d 1174, 1175 (La. 1995) (holding that a prisoner who has "identified with factual specificity … constitutional claims he argues will entitle him to post conviction relief" may "file an application which lacks any supporting documentation without fear of summary dismissal under La.C.Cr.P. art. 926(E)."). Instead, **after** filing his application and "identif[ying] specific constitutional errors in the proceedings leading to his conviction and sentence," he was then entitled to a free copy of the transcript under state law

---

[8] Rec. Doc. 1-1, p. 3.

3

simply by showing a "particularized need" for it, i.e. by demonstrating that it was necessary to resolve his claims fairly.  Bernard, 653 So. 2d at 1175.

In addition, because, as explained *infra*, the filing of such a state post-conviction application without the transcript would have tolled the federal limitations period, petitioner's ability to seek federal relief in a timely manner was likewise unhindered.  Further, if he had any concerns as to whether he would be entitled to such tolling based on the filing of his state application, he could hedge his bet even further by simultaneously filing a protective federal habeas corpus petition and asking that the federal proceedings be stayed while he pursued his state-court remedies.  See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Madden v. Thaler, 521 F. App'x 316, 321 (5th Cir. 2013).

In summary:  the lack of a transcript did not impede petitioner's ability to pursue relief in a timely manner, and so Subsection B is inapplicable in his case.  See, e.g., Puderer v. Vannoy, Civ. Action No. 17-324, 2018 WL 1319023, at *2-3 (E.D. La. Jan. 26, 2018), adopted, 2018 WL 1287621 (E.D. La. Mar. 13, 2018), certificate of appealability denied, No. 18-30461, 2019 WL 11866564 (5th Cir. Feb. 12, 2019), cert. denied, 140 S. Ct. 238 (2019); Walker v. McCain, Civ. Action No. 16-16170, 2017 WL 5197232, at *4-5 (E.D. La. Aug. 16, 2017), adopted, 2017 WL 5177928 (E.D. La. Nov. 8, 2017); Cook v. Cain, Civ. Action No. 15-1882, 2015 WL 6702290, at *2-3 (E.D. La. Nov. 3, 2015); Labit v. Goodwin, Civ. Action No. 6:15-cv-1931, 2015 WL 6554523, at *4 (W.D. La. Aug. 25, 2015), adopted, 2015 WL 6686639 (W.D. La. Oct. 28, 2015).

Moreover, because petitioner does not allege the existence of a newly recognized constitutional right or a newly discovered factual predicate, Subsections C and D are likewise inapplicable in the instant case.

Therefore, by default, Subsection A governs this case. As a result, petitioner's federal limitations period commenced when his state court judgment became final. With respect to determining that date of finality, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). **However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires."** Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. **As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal.** See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

In this case, as noted, petitioner pleaded no contest and was sentenced on October 18, 2018.[9] Under Louisiana law, he then had thirty days in which to file an appeal.[10] Because he filed no such appeal, his state criminal judgment became final for the purposes of this federal proceeding no later than November 19, 2018.[11] Accordingly, his one-year period for seeking federal habeas corpus relief commenced on that date and then expired on **November 19, 2019**, unless that deadline was extended through tolling.

---

[9] State Rec., Vol. 1a of 10, transcript of October 18, 2018
[10] Louisiana law states that a criminal defendant has thirty days to file a motion to appeal a conviction or sentence. La. Code Crim. P. art. 914.
[11] In this case, the thirtieth day of the appellate period fell on a Saturday, and, therefore, petitioner had until Monday, November 19, 2018, to file an appeal. See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

**<u>Statutory Tolling</u>**

The Court first considers statutory tolling.  Regarding the limitations period set forth in § 2244(d)(1), federal law provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  But because petitioner had no such applications pending in the state courts at any time on or before November 19, 2019, he is not entitled to statutory tolling.[12]

**<u>Equitable Tolling</u>**

The Court next considers equitable tolling.  The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling.  <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010).  However, "equitable tolling is unavailable in most cases …."  <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999); <u>accord</u> <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances").  Indeed, the Supreme Court held that "a petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing."  <u>Holland</u>, 560 U.S. at 649 (internal quotation marks omitted).  A petitioner bears the burden of proof to establish entitlement to equitable tolling.  <u>Alexander v. Cockrell</u>, 294 F.3d 626, 629 (5th Cir. 2002).

As noted, petitioner argued that 28 U.S.C. § 2244(d)(1)(B) delayed the commencement of the federal limitations until such time as he received a copy of the plea colloquy transcript.  The undersigned has already rejected that argument, *supra*.  Moreover, to the extent that same argument

---

[12] Although petitioner subsequently sought post-conviction relief in 2020, state court applications filed after expiration of the federal limitations period are of no consequence for tolling purposes.  Simply put: once the federal limitations period has expired, "[t]here [i]s nothing to toll."  <u>Butler v. Cain</u>, 533 F.3d 314, 318 (5th Cir. 2008).

6

could also be construed as a request for equitable tolling, it fares no better.  Cook v. Cain, Civ. Action No. 15-1882, 2015 WL 6702290, at *5 (E.D. La. Nov. 3, 2015) ("[T]o the extent that petitioner is perhaps arguing that he is entitled to equitable tolling based on the delays in obtaining a copy of the transcript, any such argument has no merit."); Smith v. Cain, Civ. Action No. 12-1014, 2014 WL 2898457, at *5 (E.D. La. June 26, 2014) ("Delays in receiving transcripts do not normally warrant equitable tolling."); Plummer v. Mississippi Department of Corrections, Civ. Action No. 4:11cv6, 2011 WL 6965656, at *5 (S.D. Miss. Dec. 16, 2011) ("In the context of equitable tolling, an inmate's lack of access to his state court records does not present an 'exceptional circumstance' to warrant equitable tolling." (footnote omitted)), adopted, 2012 WL 70349 (S.D. Miss. Jan. 9, 2012); Hart v. Deville, No. 10-990, 2011 WL 1226474, at *2 (E.D. La. Mar. 29, 2011) ("A state court's delay in furnishing petitioner with a transcript, however, does not establish a basis for equitable tolling."); Cade v. Miller, No. 03-3387, 2005 WL 3541142, at *3 (E.D. La. Oct. 20, 2005).  Moreover, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling on any other basis, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

<div style="text-align:center">**"Actual Innocence"**</div>

It must also be noted that a petitioner can overcome the AEDPA's statute of limitations by making a convincing claim of "actual innocence" under McQuiggin v. Perkins, 569 U.S. 383 (2013).  In Perkins, the United States Supreme Court held:

> This case concerns the "actual innocence" gateway to federal habeas review applied in Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), and further explained in House v. Bell, 547 U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006).  In those cases, a convincing showing of actual innocence enabled habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims.  Here, the question arises in the context of 28 U.S.C. § 2244(d)(1), the statute of limitations on federal habeas petitions prescribed in the Antiterrorism and Effective Death Penalty Act of 1996.  Specifically, ... can the

> time bar be overcome by a convincing showing that [the petitioner] committed no crime?
>
> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup and House, or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329, 115 S.Ct. 851; see House, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met).

Perkins, 569 U.S. at 386; see Schlup, 513 U.S. at 324 ("Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.").

Here, petitioner has presented no new evidence whatsoever of actual innocence. Accordingly, he has not met "the threshold requirement" for Perkins to apply. Perkins, 569 U.S. at 386. As a result, the "actual innocence" exception does not aid him.

### Martinez

Lastly, the Court notes that petitioner "submits that Martinez v. Ryan, 132 S.Ct. 1309 (2012) supports the position that a defendant's lack of counsel during his initial collateral review proceedings can establish cause to excuse a procedural default of the AEDPA one-year filing deadline."[13] However, that argument has no merit, because "Martinez does not address or excuse an untimely petition." Licona v. Vannoy, Civ. Action No. 19-10502, 2020 WL 4014842, at *2 (E.D. La. July 16, 2020) (quotation marks omitted), appeal dismissed, No. 20-30466, 2021 WL 3232598 (5th Cir. Feb. 18, 2021); accord Shank v. Vannoy, No. 16-30994, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017) (Higginson, J., on denial of a certificate of appealability) ("Martinez considered whether ineffective assistance of counsel excuses procedural default – that is, the failure to raise a claim in state court prior to filing a federal § 2254 application – not whether it

---

[13] Rec. Doc. 9, p. 3.

excuses late filing. Martinez does not apply to § 2244(d)'s one-year limitations period." (citation omitted)); Thomas v. Cooley, Civ. Action No. 16-1966, 2017 WL 2806259, at *5 (E.D. La. June 28, 2017) ("In Martinez, the Supreme Court held that a state imposed procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the State's initial-review collateral proceeding, there was no counsel or counsel in that proceedings was ineffective. This is a narrow exception as Martinez … only address[es] state imposed procedural defaults. Martinez does not apply to the AEDPA's limitations period or any tolling of that period." (footnotes, quotation marks, and brackets omitted)); Falls v. Cain, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. June 13, 2014).

Because petitioner is not entitled to statutory tolling, because he has not established that he is eligible for equitable tolling or that the Perkins "actual innocence" exception applies, and because Martinez is inapplicable, his federal application for habeas corpus relief had to be filed no later than **November 19, 2019**, in order to be timely. As it was not filed until **December 7, 2021**, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 31st day of May, 2022.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**